FILED

1   DAVID S. McLANE (No.124952)
2   CAITLIN S. WEISBERG (No. 262779)
    KAYE, McLANE & BEDNARSKI
3   234 E. Colorado Blvd. Suite 230
    Pasadena CA 91101
4   Telephone: (626) 844-7660
5   Facsimile: (626) 844-7670
    E-mail: dmclane@kmbllp.com
6   E-mail: cweisberg@kmbllp.com
7
8   Attorneys for Plaintiff,
    MIGUEL VAZQUEZ
9

2012 NOV 20   AM 10: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

10              **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**
12

13  MIGUEL VAZQUEZ,                    CASE NO. CV 12 9923 -SVW
                                       (AGRx)
14              Plaintiff,
15                                     **COMPLAINT FOR DAMAGES**
16         v.
                                       (1)  Violation of Civil Rights (42
17  CITY OF LONG BEACH, DAVID M.            U.S.C. § 1983)
18  FARIS, MICHAEL G. HYNES,           (2)  Supervisory Liability Claim for
    ROBERT KNIGHT, and DOES 1              Violation of Civil Rights (42
19  through 10, inclusive,                  U.S.C. § 1983)
20              Defendants.            (3)  *Monell* Claim for Violation of Civil
                                           Rights (42 U.S.C. § 1983)
21
22                                     **[DEMAND FOR JURY TRIAL]**
23
24                          **INTRODUCTION**
25      1.    This civil rights action pursuant to 42 U.S.C. § 1983 seeks
26  compensatory and punitive damages from Defendants for causing Plaintiff to be
27  deprived of rights, privileges, and immunities secured by the Constitution and laws
28  of the United States on and after November 27, 2010.

COMPLAINT

1    2.    It is alleged that the individual police officer Defendants violated

2  Plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the

3  United States Constitution when they unreasonably seized Plaintiff's person using

4  excessive force, unreasonably arrested him on false charges of violating California

5  Penal Code §148(a)(1), and submitted false police reports leading to excessive bail

6  and the initiation of wrongful criminal prosecution for violations of California Penal

7  Code §§ 148(a)(1) and 241(c).

8    3.    It is further alleged that the wrongful conduct of the individual officers

9  who used excessive force against Plaintiff and submitted false reports to cover up

10  their misconduct was the result of deliberately indifferent supervision within the

11  Long Beach Police Department as well as unconstitutional customs, policies, and/or

12  practices of the City of Long Beach.

13                    **JURISDICTION AND VENUE**

14    4.    The Court has jurisdiction over the federal civil rights claims alleged

15  herein pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

16    5.    Under 28 U.S.C. §1391(b), venue lies in the Central District of

17  California because Defendants reside in, and all incidents, events, and occurrences

18  giving rise to this action occurred in, the County of Los Angeles, California.

19                            **PARTIES**

20    6.    Plaintiff Miguel Vazquez ("Plaintiff") is, and at all times relevant

21  hereto was, an individual residing in the County of Los Angeles and an adult

22  competent to bring this suit in this Court.

23    7.    Defendant CITY OF LONG BEACH ("CITY") is, and at all times

24  relevant hereto was, a duly authorized public entity and municipality, existing under

25  the laws of the State of California. The Long Beach Police Department (hereinafter

26  "LBPD") is, and at all relevant times was, an agency and subdivision of Defendant

27  CITY. The CITY and LBPD are located within the County of Los Angeles, State of

28  California. At all relevant times, Defendant CITY and LBPD possessed the power

COMPLAINT                                                                    2

1  and authority to adopt policies and prescribe rules, regulations and practices

2  affecting the operation of the LBPD and the actions of employees of the LBPD,

3  including customs, policies and/or practices relating to police tactics, methods,

4  investigations, arrests, and proper uses of force; as well as to personnel supervision,

5  performance evaluation, internal investigations, discipline, records maintenance,

6  and/or retention. Defendant CITY is sued as a municipal corporation under 42

7  U.S.C. § 1983 because its customs, policies and/or practices with regard to the

8  operation of the LBPD were a moving force behind the constitutional violations

9  claimed by Plaintiff herein.

10        8.    Upon information and belief, at all relevant times, Defendants DAVID

11  M. FARIS, MICHAEL G. HYNES, ROBERT KNIGHT, and DOES 1 through 10

12  were police officers, detectives, sergeants, captains, commanders, chiefs of police,

13  and/or civilian employee agents, policy makers, and representatives of the LBPD, as

14  well as employees, agents, policy makers and representatives of Defendant CITY.

15  At all relevant times, said Defendants were acting under color of law and within the

16  course and scope of their employment with the CITY and/or the LBPD. These

17  Defendants are natural persons and are sued both individually and in their official

18  capacity.

19        9.    At present time, the true names and capacities of Defendants sued

20  herein as DOES 1-10 are unknown to Plaintiff. Upon information and belief, the

21  true names and capacities of DOE Defendants are contained in records, documents,

22  and other discovery that is unavailable to Plaintiff and can only be ascertained

23  through the discovery process. Upon information and belief, each of the DOE

24  Defendants was in some manner responsible for the acts and omissions alleged

25  herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege

26  such names and responsibility when that information is ascertained.

27        10.    At all relevant times, each and every Defendant was the agent of each

28  and every other Defendant. Each of the Defendants and DOE Defendants caused

1   and is responsible for the unlawful conduct and resulting injury herein alleged by,

2   *inter alia*, personally participating in the conduct, or acting jointly and in concert

3   with others who did so by authorizing, acquiescing in or failing to take action to

4   prevent the unlawful conduct by intervention, or promulgating policies and

5   procedures or practices pursuant to which the unlawful conduct occurred; by failing

6   and refusing to initiate and maintain adequate training, supervision, policies,

7   procedures and protocols; by failing to implement and ensure compliance with

8   policies and procedures to ensure the safety and reasonable security of individuals,

9   such as Plaintiff; and by ratifying the unlawful conduct performed by agents,

10  employees, counselors, staff, and officers under their direction and control.

11      11.     Whenever and wherever reference is made in this Complaint to any act

12  by a Defendant, such allegation and reference will also be deemed to mean the acts

13  and failures to act of each Defendant individually, jointly, or severally.

14  **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

15      12.     On the Friday after Thanksgiving in 2010, Plaintiff was spending the

16  evening with his friends and family at his residence, located at 1611 E. Broadway,

17  Long Beach, CA 90802, and at a local bar within walking distance. Plaintiff

18  returned home from the bar after midnight, in the early morning hours of Saturday,

19  November 27, 2010. Plaintiff had consumed several alcoholic beverages prior to

20  leaving the bar.

21      13.     Plaintiff became aware of police activity in front of his residence and

22  went outside to observe what was happening. Plaintiff witnessed two police

23  officers—later identified as Defendants FARIS and HYNES—yelling at a group of

24  people who were lined up on the ground in front of them. When Plaintiff observed

25  the individuals, they were not fighting back or resisting the police, but rather were

26  stationary. Plaintiff's friend was one of the persons in the group, and Plaintiff was

27  concerned for him.

28      14.     Plaintiff spoke out to the officers, attempting to inquire as to what was

1  going on with his friend. One of the officers told Plaintiff to go home and pushed

2  Plaintiff backwards. Plaintiff stated, "Hey, don't fucking touch me." The officer

3  yelled, angrily, "I will touch you anytime I want to touch you, you understand that?"

4      15.    Then, Plaintiff was grabbed, pushed to the ground, and hit multiple

5  times with a baton.  Plaintiff did not physically resist or struggle in any way, prior to

6  or during the Defendants' use of force. Defendants' use of force was entirely

7  unjustified, callous, and wanton. Plaintiff pleaded with the officer to stop, and

8  several witnesses yelled out to the officers to stop, saying "Hey!" and "No!" One

9  such witness was Plaintiff's cousin, Miguel Contreras, who called out to tell the

10  officers to stop hitting Plaintiff. One of the officers then rushed Mr. Conteras and

11  started hitting Mr. Contreras with a baton. While Plaintiff was still on the ground, he

12  asked the officers "are you fucking really [doing this]?" Thereafter, one of the

13  officers stepped on Plaintiff's right hand, fracturing his finger. Plaintiff yelled out in

14  pain.  Plaintiff was ultimately placed in handcuffs and taken to the patrol car.

15      16.    The above-described events were witnessed by several bystanders and

16  were videorecorded. Witness statements taken by the police after the incident

17  generally corroborate the events described above. In particular, the witnesses

18  uniformly indicated that Plaintiff did not physically resist the officers in any way

19  and was pushed to the ground and beaten for no apparent reason.

20      17.    Upon information and belief, Defendants' unjustified use of force and

21  abuse of authority were motivated by their perception that Plaintiff challenged,

22  defied, and/or disrespected them as police officers. The circumstances of the

23  incident may also indicate a hostility towards homosexuals, inasmuch as Plaintiff is

24  an openly gay person who lives in a neighborhood that is known for its LGBT

25  community.

26      18.    Upon information and belief, Defendants, and each of them, agreed and

27  conspired with one another to create the appearance of justification for the

28  unprovoked seizures and malicious uses of force by Defendants FARIS and

1  HYNES, by preparing knowingly false and misleading crime and arrest reports.

2      19.    Defendants FARIS and HYNES submitted deliberately false and

3  misleading police reports to cover up their use of excessive force, with the

4  knowledge and intent that such false statements would be used to initiate a wrongful

5  criminal prosecution and secure a wrongful conviction in violation of Plaintiff's

6  constitutional rights. These police reports falsely state that Plaintiff swung at

7  Defendant FARIS; that Defendant FARIS attempted to place Plaintiff under arrest

8  and that Plaintiff struggled, resisted, and pulled away from Defendant FARIS; and

9  that both Plaintiff and Defendant FARIS were on the ground wrestling with one

10  another, while Plaintiff was refusing Defendant FARIS's instructions to "stop

11  resisting." These police reports falsely omit the use of force that caused Plaintiff's

12  finger to be fractured. The reports also contain various related false statements

13  concerning the incidents and uses of force that occurred on November 27, 2010.

14      20.    Upon information and belief, LBPD officers taking the witness

15  statements attempted, unsuccessfully, to influence the witnesses' descriptions of

16  events so as to cover up Defendants' use of excessive force; failed to record accurate

17  and complete witness statements; included inaccurate and/or false information

18  intended to cast doubt on the statements; and failed to interview all of the witnesses

19  to the above-described events.

20      21.    Defendant KNIGHT, a LBPD supervisor, investigated the use of force

21  reported by Defendants FARIS and HYNES. Defendant KNIGHT arrived on the

22  scene after the above-described incident and spoke with Defendants FARIS and

23  HYNES and interviewed Miguel Contreras. Upon information and belief, Defendant

24  KNIGHT took no steps to independently interview witnesses on the scene.

25  Nevertheless, it should have been abundantly apparent, based on available

26  information, that the use of force by Defendants FARIS and HYNES was excessive,

27  contrary to policy, and unconstitutional. Rather than take action to discipline and/or

28  provide appropriate supervision and training in response to the unreasonable and

1 excessive use of force by Defendants FARIS and HYNES, Defendant KNIGHT
2 sanctioned and ratified the use of force, deeming it reasonable and within policy. By
3 ratifying the use of excessive force and dismissing and/or disregarding the evidence
4 of excessive force, Defendant KNIGHT joined into an ongoing conspiracy to
5 conceal Defendants' misconduct.

6      22.    Plaintiff was taken into custody and booked for violating California
7 Penal Code § 148(a)(1) (resisting or obstructing a public officer), an entirely
8 unjustified and false accusation. At the station, Plaintiff was given a breathalyzer
9 test, which showed that he had a blood alcohol level of .16. Plaintiff was then
10 additionally booked on charges of violating California Penal Code § 647(f) (public
11 intoxication).

12      23.    While in custody, Plaintiff complained of pain in relation to his
13 injuries, but was not given medical attention for several hours. Plaintiff was later
14 taken to the hospital, where he was diagnosed with a fractured finger, a contusion to
15 his right thigh, and a sprained left ankle. Plaintiff was discharged from the
16 emergency room and transported back to the jail.

17      24.    Plaintiff remained in custody until the evening of September 27, 2010
18 with a $10,000 bond due to the false booking charge of violating California Penal
19 Code § 148(a)(1). According to the bail schedule for the Superior Court of the
20 County of Los Angeles, Plaintiff's bond would have been set at $250 for the alleged
21 California Penal Code § 647(f) violation alone. Plaintiff posted bond through a bail
22 bondsman, incurring a non-refundable $1000 fee, and was released at or around 8:00
23 p.m.

24      25.    Based on the false police reports submitted by Defendants FARIS and
25 HYNES, Plaintiff was falsely charged in a criminal complaint filed on November
26 30, 2010 with violations of California Penal Code § 241(c) (assault on a public
27 officer) and California Penal Code § 148(a)(1) (resisting or obstructing a public
28 officer). Plaintiff ultimately prevailed against the false charges that were initiated by

1  Defendants FARIS and HYNES, which were dismissed on November 14, 2011.

2      26.    The use of force perpetrated against Plaintiff, even under the falsely

3  described circumstances presented in the reports of Defendants FARIS and HYNES,

4  was grossly disproportionate to any legitimate law enforcement objective and was in

5  violation of written LBPD policies. The use of force was perpetrated in full view of

6  multiple witnesses, with Defendants' apparent belief of impunity. The use of force

7  indicates severe failures in the training and supervision of Defendants FARIS and

8  HYNES as a matter of municipal policy and as a matter of deficiencies by individual

9  LBPD supervisors.

10     27.    Upon information and belief, Defendants FARIS and/or HYNES have

11 been the subject of prior complaints of misconduct and/or uses of force; and

12 insufficient action was taken to evaluate and/or discipline them for the conduct

13 alleged in the complaints or to provide them further training and/or supervision as a

14 result of the conduct alleged in the complaints.

15     28.    On or about March 2, 2011, Plaintiff submitted a citizen's complaint to

16 the internal affairs unit of the LBPD. In the custom and practice of the LBPD, to

17 ensure that officers and the department are shielded from liability for wrongful

18 misconduct, a cover-up administrative, rather than criminal, investigation was

19 undertaken.  On or about January 31, 2012—more than a year after the incident and

20 almost a year after Plaintiff filed his citizen's complaint—the results of the

21 administrative investigation were communicated to Plaintiff. Plaintiff was informed

22 that one of his allegations of use of force was sustained and the other was classified

23 as not sustained. Plaintiff was not provided further information as to what factual

24 findings were made and what action would be taken. Upon information and belief,

25 the administrative investigation disregarded obvious and uncontradicted evidence of

26 criminal, tortious, and administrative wrongdoing by each of the individual

27 Defendants, and their supervisors failed to take necessary and appropriate action in

28 response to such evidence, resulting in a ratification of Defendants' misconduct.

29.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff sustained great physical and mental pain and suffering, physical injury, anguish, shock, fear, anxiety, torment, embarrassment, degradation, and emotional distress.

30.     By reason of Defendants' wrongful acts and omissions, Plaintiff incurred medical and legal expenses in an amount to be proved.

31.     By reason of Defendants' wrongful acts and omissions, Plaintiff was required to retain an attorney to defend himself against these false and fabricated charges, thereby incurring damages by way of attorney fees.

32.     By reason of Defendants' wrongful acts and omissions, Plaintiff was required to retain an attorney to prosecute the within action, and to render legal assistance to Plaintiff that he might vindicate the loss and impairment of his rights, and by virtue thereof, Plaintiff is indebted and liable for this litigation.

33.     The aforementioned acts and omissions of the individual Defendants, and each of them, were committed knowingly, willfully, wantonly, maliciously, and/or in reckless disregard of Plaintiff's rights, with the intent to harm, injure, vex, harass, and/or oppress Plaintiff. By reason thereof, Plaintiff seeks punitive and exemplary damages from the individual Defendants, and each of them.

## FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

**(AGAINST DEFENDANTS FARIS, HYNES, AND DOES 1 THROUGH 10)**

34.     Plaintiff restates and incorporates by reference Paragraphs 1-33 above, as though fully stated herein.

35.     Defendants FARIS, HYNES, and DOES 1-10, acting under color of law, caused Plaintiff to be deprived of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the First, Fourth, Fifth, Eighth, and Fourteenth Amendments by:

            a.     Subjecting Plaintiff to excessive force and unjustified infliction

1                of pain and harm;

2        b.     Retaliating against Plaintiff;

3        c.     Arresting Plaintiff in an unreasonable manner and on a false

4                booking charge of violating California Penal Code § 148(a)(1)

5                based on a deliberately false police report;

6        d.     Delaying treatment of Plaintiff's injuries with deliberate

7                indifference to Plaintiff's pain and need for medical attention;

8        e.     Causing Plaintiff to be subjected to excessive bail based on a

9                deliberately false police report;

10       f.     Causing plaintiff to be prosecuted on false charges of violating

11              California Penal Code §§ 148(a)(1) and 241(c) based on a

12              deliberately false police report;

13       g.     Interfering with Plaintiff's right to seek redress for his injuries by

14              covering up their misconduct; and/or

15       h.     Denying Plaintiff of due process of law.

16     36.    Defendants, and each of them, carried out and perpetrated a conspiracy

17 to commit the above-described unconstitutional deprivations of Plaintiff's rights and

18 conspired to deprive Plaintiff of his rights to be free from unreasonable seizures, to

19 due process, to a fair trial, and to be free from groundless criminal prosecutions

20 based on false evidence.

21     37.    Defendants, and each of them, committed the aforementioned acts and

22 omissions in bad faith and with knowledge that their conduct violated well

23 established law.

24     38.    As a direct and proximate result of Defendants' aforementioned acts

25 and omissions, Plaintiff was injured as set forth above and is entitled to

26 compensatory damages according to proof.

27     39.    The aforementioned acts and omissions of Defendants were committed

28 by each of them knowingly, willfully, maliciously, oppressively, and/or in reckless

1  disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive and

2  exemplary damages from Defendants according to proof.

3  ## SECOND CAUSE OF ACTION

4  ### SUPERVISORY LIABILITY FOR VIOLATION OF CIVIL RIGHTS

5  ### PURSUANT TO 42 U.S.C. § 1983

6  ### (AGAINST DEFENDANTS FARIS, KNIGHT, AND DOES 1 THROUGH 10)

7  40.   Plaintiff restates and incorporates by reference Paragraphs 1-39 above,

8  as though fully stated herein.

9  41.   At all times material herein, Defendants FARIS, KNIGHT, and DOE

10  Supervisors, as LBPD supervisors acting under the color of law, had a duty to

11  supervise and control officers under their command within the LBPD to ensure that

12  said officers would not violate the constitutional rights of individuals by using

13  excessive force, submitting false police reports, and/or fabricating criminal

14  allegations.

15  42.   Defendant Sergeant FARIS, who was present and personally involved

16  in the aforementioned acts and omissions that underlie Plaintiff's First Cause of

17  Action, directed his subordinate(s), including Defendant HYNES, in the acts and

18  omissions that caused Plaintiff to be deprived of his rights as alleged above, or knew

19  of or reasonably should have known of the acts and omissions, but failed to properly

20  supervise and control his subordinate(s).  Defendant Sergeant FARIS knew, or

21  reasonably should have known, that his subordinate(s) were engaging in acts of

22  physical violence and dishonesty that would deprive Plaintiff of his constitutional

23  rights and failed to prevent his subordinate(s) from engaging in such conduct and

24  instead ratified such conduct.

25  43.   Upon information and belief, Defendants FARIS, KNIGHT, and DOE

26  Supervisors condoned, tolerated, ratified, and accepted use of excessive force and

27  dishonesty by their subordinates, including Defendants FARIS and HYNES, when

28  interacting with citizens, including individuals such as Plaintiff. Defendants FARIS,

1  KNIGHT, and DOE Supervisors knew or should have known that their subordinates
2  were engaging in acts of physical violence and dishonesty that would result in
3  violations of the constitutional rights of citizens, including Plaintiff, and failed to
4  take necessary steps to monitor, supervise, train, discipline, or terminate such
5  subordinates to prevent future constitutional violations, including the violations of
6  Plaintiff's rights alleged herein. Defendants KNIGHT and DOE Supervisors further
7  condoned, tolerated, ratified, and accepted the acts and omissions of Defendants
8  FARIS, HYNES, and DOE Subordinates that underlie Plaintiff's First Cause of
9  Action, which were brought to said Defendant Supervisors' attention by, *inter alia*,
10  Plaintiff's filing of a citizen's complaint.

11      44.      Upon information and belief, Defendants FARIS, KNIGHT, and DOE
12  Supervisors were aware of or reasonably should have been aware of misconduct by
13  subordinates under their command, including Defendants FARIS and HYNES, but
14  failed to fully and objectively investigate such misconduct, to hold the subordinates
15  accountable for such misconduct, and/or to take corrective measures to avert future
16  misconduct and constitutional violations, including the violations of Plaintiff's
17  rights alleged herein.

18      45.      The aforementioned acts and omissions of Defendants FARIS,
19  KNIGHT, and DOE Supervisors set in motion a series of acts by their subordinates,
20  including Defendants FARIS and HYNES, that Defendants knew or reasonably
21  should have known would lead to the constitutional violations alleged by Plaintiff in
22  the First Cause of Action and the resulting injuries to Plaintiff, entitling Plaintiff to
23  compensatory damages according to proof.

24      46.      The aforementioned acts and omissions of Defendants FARIS,
25  KNIGHT, and DOE Supervisors were committed by each of them knowingly,
26  willfully, maliciously, oppressively, and in reckless disregard of Plaintiff's rights.
27  By reason thereof, Plaintiff is entitled to punitive and exemplary damages from
28  Defendants according to proof.

**THIRD CAUSE OF ACTION**

**MUNICIPAL (*MONELL*) LIABILITY FOR VIOLATION OF CIVIL RIGHTS**

**PURSUANT TO 42 U.S.C. § 1983**

**(AGAINST DEFENDANT CITY OF LONG BEACH)**

47.    Plaintiff restates and incorporates by reference Paragraphs 1-46 above, as though fully stated herein.

48.    Defendant CITY and the LBPD, an agency and subdivision of Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LBPD and the actions of employees of the LBPD, including customs, policies and/or practices relating to police tactics, methods, investigations, arrests, and proper uses of force; as well as to personnel supervision, performance evaluation, internal investigations, discipline, records maintenance, and/or retention.

49.    At all relevant times, Defendants FARIS, HYNES, KNIGHT, and DOES 1-10, and each of them, were employees of LBPD and Defendant CITY and were under the direction and control of LBPD and Defendant CITY.

50.    Upon information and belief, Defendant CITY had knowledge, prior to and since November 27, 2010, of repeated allegations of misconduct toward detainees and arrestees by officers of the LBPD, including allegations of excessive force, dishonesty, and abuse of authority.

51.    Upon information and belief, Defendant CITY maintained and enforced LBPD customs, policies and/or practices of hiring, retaining, training, assigning, supervising, and failing to discipline officers, supervisors, and other employees and agents who have a propensity for brutality, dishonesty, and abuse of authority, among other failures in their duties as peace officers.

52.    Upon information and belief, Defendant CITY knowingly maintains and permits *sub-rosa* customs, policies and/or practices of tolerating, condoning, and ratifying the occurrence of the kinds of constitutional violations and wrongs

1   alleged in the within action, by deliberate indifference to widespread police abuses,

2   failing and refusing to fairly and impartially investigate, discipline, or prosecute

3   peace officers who commit acts of brutality, dishonesty, and abuse of authority.

4         53.    Upon information and belief, the unconstitutional customs, policies,

5   and/or practices of Defendants CITY and LBPD include, but are not limited to: (a)

6   insufficient, incompetent, and biased investigation of allegations of misconduct by

7   employees; (b) inadequate supervision, evaluation, and discipline of employees

8   known to have committed misconduct or whose performance caused a risk of

9   constitutional violations; (c) ineffective and/or inadequate training of peace officers

10   in the use of reasonable and proper force, when the need for such training was

11   obvious; (d) the accepted and sanctioned initiation and prosecution of false

12   charges—including violations of California Penal Code §§ 148, 242, 243, 245, 602,

13   and 647(f)—against victims of officer physical abuse; (e) reliance on false criminal

14   charges and a code of silence among employees to insulate the CITY, LBPD, and

15   individual peace officers from civil liability; and (f) the regular failure and refusal to

16   enforce written procedures with regard to administrative investigations, discipline,

17   and use of force.

18         54.    The customs, policies, and/or practices of LBPD and Defendant CITY

19   were a moving force behind the constitutional violations alleged by Plaintiff in the

20   First Cause of Action and the resulting injuries to Plaintiff, entitling Plaintiff to

21   compensatory damages according to proof.

22                         **PRAYER FOR RELIEF**

23       WHEREFORE, Plaintiff prays for judgment against Defendants CITY,

24   FARIS, KNIGHT, HYNES, and DOES 1 through 10, and each of them, and award

25   of damages jointly and severally, as follows:

26       1.    For general damages according to proof;

27       2.    For special damages according to proof;

28       3.    For exemplary and punitive damages against each individual

1    Defendant, in amounts according to proof;

2    4.    For costs of litigation;

3    5.    For reasonable attorneys' fees and costs permitted by 42 U.S.C. § 1988;

4    6.    For such other and further relief as the Court may deem just and

5    equitable.

6

7    Respectfully submitted,

8    KAYE, McLANE & BEDNARSKI, LLP

9

10   DATED: November 20, 2012    By

11   CAITLIN S. WEISBERG

12   Attorneys for Plaintiff Miguel Vazquez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2   Plaintiff hereby demands a trial by jury on all issues.

3

4           Respectfully submitted,

5

           KAYE, McLANE & BEDNARSKI, LLP

6

7 DATED: November 20, 2012  By

8           CAITLIN S. WEISBERG
9           Attorneys for Plaintiff Miguel Vazquez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Alicia G.  Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 9923 SVW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| **Western Division** | **Southern Division** | **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

David S, McLane & Caitlin S. Weisberg
KAYE, McLANE & BEDNARSKI, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
626-844-7660 (ph); 626-844-7670 (fx)
dmclane@kmbllp.com, cweisberg@kmbllp.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VAZQUEZ, | CASE NUMBER |
| PLAINTIFF(S) | CV 12 9923-SVW(AGR) |
| v. | |
| CITY OF LONG BEACH, DAVID M. FARIS, MICHAEL G. HYNES, ROBERT KNIGHT, and DOES 1 through 10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Caitlin S. Weisberg</u>, whose address is <u>Kaye, McLane & Bednarski, LLP, 234 E. Colorado Blvd., Ste. 230, Pasadena, CA 91101</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  <u>NOV 2 0 2012</u>

By:  <u>MARILYN DAVIS</u>
     Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MIGUEL VAZQUEZ | CITY OF LONG BEACH, DAVID M. FARIS, MICHAEL G. HYNES, ROBERT KNIGHT, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David S. McLane & Caitlin S. Weisberg, Kaye, McLane & Bednarski, LLP<br>234 E. Colorado Blvd., Ste. 230, Pasadena, CA 91101<br>626.844.7660 (ph); 626.844.7670 (fx); cweisberg@kmbllp.com (e-mail) | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ To Be Proven

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1983 - violation of civil rights (excessive force, unreasonable seizure, false evidence, etc.) - individual, supervisory, and municipal liability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV12 9923

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County or unknown | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER):   _[signature]_   Date November 20, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |