1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   MIGUEL VAZQUEZ,                    )  CASE NO. CV 12-9923 PJW
                                        )
11                   Plaintiff,         )
                                        )
12           v.                         )  ORDER RE: DEFENDANTS' MOTIONS IN
                                        )  LIMINE
13   CITY OF LONG BEACH, ET AL.,        )
                                        )
14                   Defendants.        )
     _____)
15
     MIGUEL CONTRERAS,                  )  CASE NO. CV 13-3227 PJW
16                                      )
                     Plaintiff,         )
17                                      )  ORDER RE: DEFENDANTS' MOTIONS IN
             v.                         )  LIMINE
18                                      )
     CITY OF LONG BEACH, ET AL.,        )
19                                      )
                     Defendants.        )
20   _____)

21   A.   Defendants' Motion to Bifurcate the Trial

22        Defendants move to bifurcate the trial, trying the issue of

23   liability on the part of the officers first and the *Monell* and

24   punitive damages claims second.  They contend that the evidence

25   relating to the *Monell* claims will be time consuming and unfairly

26   prejudicial and will not be necessary if the jury renders a verdict

27   in Defendants' favor.

28

1        Plaintiffs oppose the motion.  They do not believe that it would
2    require a lot of time to introduce the evidence relating to the *Monell*
3    claims and argue that much of the evidence would be relevant to
4    Plaintiffs' other claims against the City.

5        The Court recognizes that it has the discretion to bifurcate the
6    trial and has routinely done so in civil rights cases like the one at
7    bar.  The Court has found that, generally speaking, this practice
8    promotes the just, speedy, and inexpensive resolution of the case by
9    allowing the parties to efficiently present the evidence about the
10   incident and allowing the jury to weigh that evidence without the
11   taint of the *Monell* evidence, which is not admissible on the issue of
12   liability against the officers.

13       The Court sees no reason to depart from that practice here.  If
14   the jury returns a verdict in Defendants' favor, obviously, there will
15   be no need for a second phase on the *Monell* claims.  *See City of Los*
16   *Angeles v. Heller*, 475 U.S. 796 (1986) (explaining there can be no
17   *Monell* liability unless the individual officer is liable).  If the
18   jury returns verdicts in Plaintiffs' favor, it is still possible that
19   there would be no need to have a second phase of trial because the
20   City may elect at that time to resolve the *Monell* claims.

21       The Court is not alone in this practice, *see, e.g., Green v. Cty.*
22   *of Los Angeles*, 2014 WL 174988, at *1-2 (C.D. Cal. Jan. 16, 2014), and
23
24
25
26
27
28

2

1  it has been approved by the Ninth Circuit.  *See Quintanilla v. City of*
2  *Downey*, 84 F.3d 353, 356 (9th Cir. 1996).  For these reasons,
3  Defendants' motion to bifurcate the *Monell* issues is granted.[1]

4       Defendants also seek to bifurcate the issue of punitive damages
5  from the liability phase of the trial.  They argue that evidence
6  relating to punitive damages is not relevant to liability and would be
7  prejudicial.  Plaintiffs disagree as to both arguments.  Here again,
8  the Court sides with Defendants.  Punitive damages are based on a
9  defendant's ability to pay.  Such evidence is not desirable during the
10 liability phase of the trial.  *See Vasbinder v. Ambach*, 926 F.2d 1333,
11 1344 (2d Cir. 1991).  The Court will, however, include an interroga-
12 tory on the verdict form, asking jurors whether, assuming Defendant(s)
13 violated Plaintiffs' constitutional rights, they acted maliciously,
14 oppressively, or in reckless disregard.  If the jury concludes that a
15 Defendant acted in such a manner, then Plaintiffs will be able to
16 introduce evidence in the second phase of the trial relating to
17 punitive damages.

18 B.  Defendants' Motion to Exclude Results of Administrative
19     Investigations

20      Defendants request that the Court preclude Plaintiffs from
21 introducing the findings of any administrative review, including the
22 Internal Affairs investigation that was conducted regarding the
23 allegations in this case.  They argue that the reports are hearsay and

24
25
26
      _____

27      [1]  At the hearing on the motion, it became clear that
   Plaintiffs' supervisory claims against Defendant Sergeant Knight--
   who supervised Defendant officers--should also be presented in the
28 second phase of the trial.

irrelevant.  Plaintiffs contend that the reports falls within an exception to the hearsay rule and that they are highly relevant.

The Court finds that Internal Affairs reports in general and the one involving the incident in this case in particular are not relevant or admissible.  Much if not all of the report is hearsay.  Further, the conclusions in the report in this case is based on evidence collected during the investigation and contained in the report, which may or may not be the same evidence the jury will be exposed to at trial.  The jury will be charged with determining whether Defendants' conduct was unconstitutional based on evidence that is presented during trial.  That process will not be enhanced by informing jurors the outcome of the internal affairs investigation and may in fact be harmed.  *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1989); *Allen v. City of Los Angeles*, 2012 WL 1641712, at *3 (C.D. Cal. May 7, 2012).  For that reason, the Internal Affairs report(s) will not be admitted.

C.   Defendants' Motion to Exclude "Other Acts" Evidence

Finally, Defendants move to exclude evidence of "other acts," involving Officer Hynes and Sergeant Faris.  Plaintiffs seek to introduce them to show a pattern of excessive force against unarmed subjects, similar to the case at bar, and to undermine Defendants' credibility.  For the reasons set forth below, the Court grants Defendants' motion in limine.

1.   Officer Hynes

The incidents regarding Officer Hynes fall into three categories: prior convictions (a misdemeanor conviction for battery and two DUI convictions), 48 excessive force complaints (including the one giving rise to this suit), three of which resulted in discipline, and

4

lawsuits alleging excessive force.  Defendants argue that this evidence is not admissible during the first phase of trial in which the jury will be called upon to decide whether Defendant officers violated Plaintiffs' civil rights.  For the following reasons, the Court agrees.

Federal Rule of Evidence 609 controls the admission of prior convictions to impeach a witness.  Under Rule 609, only misdemeanors involving dishonesty or false statements and felonies can be used to impeach.  Because Defendant Hynes' misdemeanor and DUI convictions are not felonies and do not involve dishonesty, they are not admissible to impeach him under Rule 609.  They likely will be admissible in the second phase, however.  If the trial does proceed to a second phase, the Court will set out at that time what may and may not be introduced and for what purpose.

As to the remaining incidents involving complaints about excessive force and lawsuits arising from such claims, the Court finds that they, too, are inadmissible during the first phase of trial.  To the extent that Plaintiffs seek to use these other alleged acts to establish that Defendant Hynes had a propensity to use excessive force and that he acted in conformance with that trait when he beat Plaintiffs, Federal Rule of Evidence 404 specifically precludes such use.  To the extent that Plaintiffs seek to use this evidence to show that Defendant Hynes is lying when he testifies that he did not use excessive force against Plaintiffs, that request is also denied.  In 45 of the 48 incidents identified, there was never any finding that the allegations were true.  As to the other three, one was from the incident at bar.  Obviously, Plaintiffs' counsel will have free rein to explore this incident but may not rely on the police department's

5

administrative findings to do so.  The other two incidents are not particularly probative on the issue of truthfulness.  Even assuming that police department officials determined that Hynes' use of force in those other incidents was questionable, and, assuming further that the department based that determination on a finding that Hynes' version of events was not accurate, that does not prove that Hynes was lying.  It simply establishes that, after considering two versions of the story, the department sided with the victim/complainant and not Hynes.

Finally, even assuming that the "other acts" evidence was marginally relevant to the substantive issues in this trial and/or to impeach Hynes, the Court would be reluctant to allow it in.  To begin with, any probative value of the evidence would be highly outweighed by the unfair prejudice.  There is no doubt that exposing the jurors to 47 other instances of alleged excessive force would cloud their perception of the remaining evidence and make it very difficult for them to fairly decide whether Hynes' use of force in this case was unconstitutional.  In addition, allowing Plaintiffs to introduce this evidence would take a fair amount of time and would require the Court to provide Defendants with an equal opportunity to challenge it and to counter it.  This would cause the trial to turn into 47 mini-trials about what happened in those other incidents.  Such a process would unnecessarily consume the jury's time and would distort the fact-finding process.  For these reasons, Defendant Hynes' motion to exclude this evidence in the first phase of trial is granted.[2]

---

[2]  The Court is inclined to allow this evidence in the second phase of trial as it appears that, at the very least, it is relevant to the *Monell* claims.

6

2.  <u>Sergeant Faris</u>

Plaintiffs identify four incidents involving Defendant Faris, two internal affairs complaints and two use of force reports.  For the same reasons set forth above, they, too, are not admissible in the first phase of this trial.

IT IS SO ORDERED.

DATED: April 19, 2016

_____
PATRICK J. WALSH
UNITED STATES DISTRICT JUDGE

S:\PJW\Cases-Consent\Vasquez v. Ciy of LB, et al\Final Order Re Motion in Liminie.wpd

7