FILED
CLERK, U.S. DISTRICT COURT

6 2016

CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VAZQUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LONG BEACH, DAVID M. FARIS, MICHAEL G. HYNES, ROBERT KNIGHT, AND DOES 1-10,<br><br>　　　　Defendants. | CASE NO.  CV 12-9923-PJW<br>　　c/w　　CV 13-3227-PJW<br><br>**JURY INSTRUCTIONS**<br><br>Trial Date: September 26, 2016 to October 5, 2016 |
| MIGUEL CONTRERAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LONG BEACH, SGT. DAVID M. FARIS #5500, INDIVIDUALLY, AND AS A PEACE OFFICER, MICHAEL G. HYNES #6290, INDIVIDUALLY, AND AS A PEACE OFFICER, AND DOES 1-10,<br><br>　　　　Defendants. | |

**JURY INSTRUCTIONS**

## **JURY INSTRUCTION NO. 1**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### JURY INSTRUCTION NO. 2

To help you follow the evidence and these instructions, I will give you a brief summary of the positions of the parties and their legal claims:

Plaintiff Vazquez claims that Defendants Faris and Hynes deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 by using excessive force on him and falsifying evidence against him that was used to bring charges of resisting arrest and assault against an officer. Plaintiff Vazquez further alleges that these actions were taken in retaliation for his protected speech. These actions are the basis for Plaintiff Vazquez's claims that the Defendant[s] deprived him of his Fourth Amendment Rights (Instruction Nos. 16-19), his First Amendment Rights (Instruction No. 22), and his Fourteenth Amendment rights (Instruction No. 21).

Plaintiff Contreras claims that Defendant Hynes deprived him of his constitutional right against unreasonable force and seizure under the Fourth Amendment. (Instruction Nos. 16-20.) He further alleges that Defendants Hynes and Faris corruptly caused him to be charged with a crime they knew Contreras had not committed in an effort to give the appearance of justification of their actions, another violation of Fourth Amendment rights. (Instruction No. 30). Contreras also alleges he was wrongfully subjected to Intentional Infliction of Emotional Distress in violation of California law. (Instructions Nos. 24-26, 28.)

Defendants deny liability, and contend that all actions – including force used – was lawful, necessary, and reasonable. Defendants further contend that they lawfully

1   detained/arrested Plaintiffs because there was reasonable suspicion for any detention

2   and probable cause for any arrest.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>JURY INSTRUCTION NO. 3</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 4

You should decide the case as to each Plaintiff and Defendant separately. Unless otherwise stated, the instructions apply to all parties.

## JURY INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

# JURY INSTRUCTION NO. 6

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition Some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## **JURY INSTRUCTION NO. 8**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

**JURY INSTRUCTION NO. 9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5) the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## JURY INSTRUCTION NO. 10

I will now say a few words about your conduct as jurors.

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury deliberations.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by telephone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view

12

any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you do so.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## **JURY INSTRUCTION NO. 11**

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>JURY INSTRUCTION NO. 12</u>

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 13

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Brittany Woodard was presented at trial.   You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## **JURY INSTRUCTION NO. 14**

You watched a recording that has been received in evidence. Each of you was given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling.

**JURY INSTRUCTION NO. 15**

You have heard testimony from experts who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## **JURY INSTRUCTION NO. 16**

Both Plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, that provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

In order to prevail on their § 1983 claims against the Defendants, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the Defendant[s] acted under color of state law; and

2. the act[s] and failures to act of the Defendant[s] deprived the Plaintiff[s] of their particular rights under the United States Constitution as explained in later instructions.

In this case, the parties have stipulated that the Defendants acted under color of state law, and therefore I instruct you that the first element has been proven.

If you find one or both of the Plaintiffs have proved each of these elements and the elements that they are required to prove under Instructions 17 through 22, your verdict should be for that or those Plaintiff[s].

If, on the other hand, the Plaintiff[s] have failed to prove any one or more of these elements, with respect to any Defendant, your verdict should be for that Defendant.

Remember to treat each case separately.

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>JURY INSTRUCTION NO. 17</u>**

In order to establish that the acts of the Defendants Faris and Hynes deprived the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the Plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

## <u>JURY INSTRUCTION NO. 18</u>

Plaintiffs Vazquez and Contreras claim that their Fourth Amendment rights were violated. This instruction applies to both Plaintiffs' Fourth Amendment claims.

As previously explained, the Plaintiffs have the burden to prove that the acts of the Defendants Faris and Hynes deprived the Plaintiffs of particular rights under the United States Constitution.

In this case, Plaintiff Vazquez alleges the Defendants deprived him of his rights under the Fourth Amendment to the Constitution when Defendant Faris pushed him, grabbed him, threw him to the ground, and Faris or Hynes beat him with a baton and when Defendant Hynes stomped on his hand.

Plaintiff Contreras alleges the Defendants deprived him of his rights under the Fourth Amendment to the Constitution when Defendant Hynes struck him repeatedly with his baton.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the Defendants deprived the Plaintiffs of this Fourth Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

    1.    Defendants seized the Plaintiff's person;

    2.    In seizing the Plaintiff's person, Defendants acted intentionally; and

    3.    the seizure was unreasonable.

A Defendant "seizes" the Plaintiff's person when he restrains the Plaintiff's liberty through coercion, physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

## JURY INSTRUCTION NO. 19

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and maintaining custody of the plaintiff.  Thus, in order to prove an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that the officer[s] used excessive force.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.  the severity of the crime or other circumstances to which the officer[s] were responding;

2.  whether the Plaintiff[s] posed an immediate threat to the safety of the officer[s] or to others;

3.  whether the Plaintiff[s] were  actively resisting arrest or attempting to evade arrest by flight;

4.  the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.  the type and amount of force used;

6.  the availability of alternative methods to take the Plaintiff[s] into custody or to subdue the Plaintiff[s]; and

7.  whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given.

## **JURY INSTRUCTION NO. 20**

Plaintiff Contreras alleges he was arrested without probable cause.

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, Plaintiff Contreras must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that Plaintiff Contreras has committed or was committing a crime.

The officer's intent or motive is not relevant to your inquiry.

Under state law, it is a crime to obstruct, resist, or delay a peace officer in the performance of his duties.

23

1

2

### JURY INSTRUCTION NO. 21

3        As previously explained, the Plaintiff has the burden to prove that the acts of

4   the Defendants Faris and/or Hynes deprived the Plaintiff of particular rights under the

5   United States Constitution. The Fourteenth Amendment protects against being

6   subjected to criminal charges on the basis of false evidence that was deliberately

7   fabricated by the Defendants.

8        In this case, Plaintiff Vazquez alleges Defendants Hynes and/or Faris deprived

9   him of his rights under the Fourteenth Amendment to the Constitution when they

10  wrote police reports containing false statements that were used as the basis for false

11  criminal charges of resisting arrest (Penal Code, Section 148(a)(1)) and assault on a

12  police officer (Penal Code, Section 241(c)).

13       In order for Plaintiff Vasquez to prevail on his claim of deliberate fabrication of

14  evidence, the Plaintiff must prove the following additional element by a

15  preponderance of the evidence:

16       1.      Defendants Hynes and/or Faris deliberately fabricated evidence

17               that was used to prosecute Plaintiff Vazquez;

18       2.      Defendants Hynes and/or Faris continued his investigation of Plaintiff

19               Vazquez despite the fact that he knew, or was deliberately indifferent to

20               the Plaintiff's innocence, and the results of the investigation was used to

21               prosecute the Plaintiff; or

22       3.      Defendants Hynes and Faris used investigative techniques that were so

23               coercive and abusive that he knew, or was deliberately indifferent, that

24               those techniques would yield false information that was used to prosecute

25               Plaintiff Vazquez.

26       "Deliberate indifference" is the conscious or reckless disregard of the

27  consequences of one's acts or omissions.

28

24

## JURY INSTRUCTION NO. 22

Plaintiff Vazquez claims that his First Amendment rights were violated. This instruction applies to Plaintiff Vazquez's First Amendment claim.

As previously explained, the plaintiff has the burden to prove that the act[s] of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, Plaintiff Vazquez alleges the Defendants deprived him of his rights under the First Amendment to the Constitution when Defendants used force against him and arrested him and fabricated evidence against him based on the statements that he made to Defendant Faris.

Under the First Amendment, a citizen has the right to free expression. In order to prove the Defendant deprived the Plaintiff of this First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the Plaintiff engaged in speech protected under the First Amendment;

2. the Defendant took action against the Plaintiff; and

3. the Plaintiff's protected speech was a substantial or motivating factor for the Defendant's action.

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. I instruct you that Plaintiff Vazquez's speech in this case that opposed or challenged police action was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.

25

## JURY INSTRUCTION NO. 23

Liability under section 1983 also may arise from a failure to intervene to prevent another officer from violating a person's rights. If any police officer witnesses other police officers engaging in conduct that would deprive a person of his constitutional rights, and has the opportunity to intervene to prevent such conduct, the officer who does not attempt to prevent the wrongful acts is equally liable as the officer who committed them.

## <u>JURY INSTRUCTION NO. 24</u>

Plaintiff Contreras claims that Defendants' conduct caused him to suffer severe emotional distress. To establish this claim, Contreras must prove all of the following:

1. That defendants conduct was outrageous;

2. That Defendants intended to cause Contreras emotional distress or that Defendants acted with reckless disregard of the probability that Contreras would suffer emotional distress;

3. That Contreras suffered severe emotional distress; and

4. That Defendants conduct was a substantial factor in causing Contreras's severe emotional distress.

# JURY INSTRUCTION  NO. 25

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Defendants conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Defendants abused a position of authority or a relationship that gave them real or apparent power to affect Contreras's interests;

(b) Whether Defendants knew that Contreras was particularly vulnerable to emotional distress; and

(c) Whether Defendants knew that their conduct would likely result in harm due to mental distress.

# JURY INSTRUCTION NO. 26

Defendants acted with reckless disregard in causing Contreras emotional distress if:

1. Defendants knew that emotional distress would probably result from their conduct; or

2. Defendants gave little or no thought to the probable effects of their conduct.

# **JURY INSTRUCTION NO. 27**

You heard testimony regarding the alleged actions of unidentified Long Beach Police Officers. That testimony has no relevance to any of the claims that you are to decide in this case.

# JURY INSTRUCTION NO. 28

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it. Contreras is not required to prove physical injury to recover damages for severe emotional distress.

1

## **JURY INSTRUCTION NO. 29**

2

3    Defendants claim that they are not responsible for Contreras's harm, if any,

4    because Defendants conduct was permissible. To succeed, Defendants must prove all

5    of the following:

6         1. That Defendants were exercising their legal right to seize and use force

7    against Contreras;

8         2. That Defendants conduct was lawful and consistent with community

9    standards; and

10        3. That Defendants had a good-faith belief that they had a legal right to engage

11   in the conduct.

12        If you find all of the above, then Defendants conduct was permissible.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO.  30

Plaintiff Contreras claims that his constitutional rights were violated by malicious prosecution. This instruction applies to Plaintiff Contreras's malicious prosecution claim.

A police officer who, without probable cause to believe plaintiff guilty, maliciously or with reckless disregard for the civil rights of plaintiff, procures, initiates or maintains the prosecution of a criminal charge against a plaintiff by presenting to the prosecutor material information known by the officer at the time to be false, with the purpose of causing such criminal prosecution to be initiated or maintained, violates the constitutional right of plaintiff and such officer may be held liable in damages to plaintiff therefor.

An officer may be found to have caused a criminal action to be instituted or maintained, or to have taken an active part in the prosecution of a criminal action if shown by a preponderance of the evidence to have prepared or to have caused the preparation of a false report of the facts underlying such prosecution with knowledge of their falsity, and with the knowledge and intention that such report will in all likelihood result in the prosecution of plaintiff for the public offenses falsely described.

If police officers have been instrumental in the plaintiff's continued prosecution, they cannot escape liability by pointing to the decisions of prosecutors to prosecute them.

In order to prove Plaintiff Contreras' claim that Defendants subjected him to a groundless criminal prosecution for violations of Penal Code section 148 the burden is upon the Plaintiff to establish by a preponderance of the evidence, each of the following propositions:

First, that the criminal proceeding was commenced against the Plaintiff;

Second, that the Defendants commenced the criminal proceedings against

1   the Plaintiff by causing untrue or misleading police reports to be relied upon by the

2   Long Beach City Attorney or by aiding in the continuation of the prosecution with the

3   understanding that his false accusations would deny Plaintiff the right of a fair trial;

4          Third, Defendants acted maliciously and for the purpose of denying

5   Plaintiff equal protection or other specific constitutional rights;

6          Fourth, that the criminal case was terminated in Plaintiff's favor;

7          Fifth that a criminal proceeding was commenced by Defendants without

8   probable cause; and

9          Sixth, that the Plaintiff suffered damages by the criminal proceeding.

# JURY INSTRUCTION NO. 31

    It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

    If you find for the Plaintiff[s] on any of the Plaintiff[s] claims, you must determine the Plaintiff[s] damages. The Plaintiff[s] have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff[s] for any injury you find was caused by the Defendant[s]. You should consider the following:

1.    The nature and extent of the injuries;

2.    The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

3.    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

4.    The reasonable value of necessary medical care, treatment, and services received to the present time;

5.    The reasonable value of necessary legal costs and services expended in the defense of Plaintiff Contreras in the criminal case.

    It is for you to determine what damages, if any, have been proved.

    Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# **JURY INSTRUCTION NO. 32**

The Plaintiff[s] have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendant[s] have the burden of proving by a preponderance of the evidence:

1. that the Plaintiff[s] failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 33

The law which applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff[s] but you find that the Plaintiff[s] have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**JURY INSTRUCTION NO. 34**

If you find for the Plaintiff[s], you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a Defendant[s] and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiff[s] have the burden of proving by a preponderance of the evidence that punitive damages should be awarded.

You may award punitive damages only if you find that Defendant[s] conduct that harmed the Plaintiff[s] was malicious, oppressive or in reckless disregard of the Plaintiff[s]' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff.  Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law.  An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

## **JURY INSTRUCTION NO. 35**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## **JURY INSTRUCTION NO. 36**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

## **JURY INSTRUCTION NO. 37**

2

3       A verdict form has been prepared for you.  After you have reached unanimous

4   agreement on a verdict, your presiding juror will fill in the form that has been given to

5   you, sign and date it, and advise the court that you are ready to return to the

6   courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28